## In re A. F. BROWN PACKING CORPORATION.

District Court, D. Maryland.  November 2, 1927.

No. 4699.

1. **Bankruptcy** ⬤⟹318(1)—**In bankruptcy proceeding by Maryland corporation in district of Maryland, Maryland law governs claimant's right to compensation.**

In bankruptcy proceeding in district of Maryland, in which Maryland packing corpora-tion was bankrupt, compensation, if any, of claimant for services, is governed by Maryland law.

2. **Corporations** ⬤⟹308(2)—**In Maryland, corporate officer or director can recover for services within scope of duties only if there is express contract of employment.**

In Maryland, officer or director of corpora-tion can recover for services rendered to it within scope of his duties, as such officer or director only if there is express contract of employment.

3. **Corporations** ⬤⟹308(2)—**In Maryland, corporate officer or director may recover under implied promise for services beyond scope of official duties only if accepted.**

In Maryland, officer or director of corpora-tion may recover compensation under implied promise for services rendered by him beyond scope of official duties only if they were accepted by corporation.

4. **Corporations** ⬤⟹308(11)—**Evidence held insufficient to show that services of president of bankrupt packing corporation in super-intending and managing plant were beyond scope of official duties, warranting compensation.**

Evidence *held* insufficient to show that services rendered by corporate president in super-intending and managing farm and canning plant were beyond scope of and different from official duties as president of packing corpora-tion, warranting allowance of compensation on corporation's bankruptcy.

5. **Bankruptcy** ⬤⟹340(2)—**President of bankrupt packing company, claiming compensation for services, must show they were not within duties of some officer, in view of by-law.**

On bankruptcy of packing corporation hav-ing by-law providing that no officer or director, manager or superintendent, should be entitled to salary unless by unanimous vote of directors, president of corporation, claiming compensation for superintending and managing farm and can-ning plant, had burden to show that services for which compensation was claimed were not reasonably within contemplation of duties of some officer that corporation had provided for.

6. **Bankruptcy** ⬤⟹318(1)—**Bankrupt corpora-tion held not to have accepted president's services as manager and superintendent, so as to entitle him to compensation.**

It cannot be said that there was any ac-ceptance by bankrupt corporation of services of president in superintending and managing farm and plant, so as to authorize recovery of compensation therefor, where by-law provided that no manager or superintendent should be entitled to salary, unless by unanimous vote of directors, and such unanimous vote was not had.

7. **Bankruptcy** ⬤⟹340(4)—**Evidence held to show no fraud on bankrupt corporation's presi-dent in connection with minutes of meeting relative to compensation.**

On bankruptcy of corporation, in which president filed claim for services as superin-tendent and manager, evidence showing his pres-ence at meeting at which by-law relative to compensation was passed *held* to show no fraud

in connection with minutes, which were written up in his office.

**8. Bankruptcy ⊂⇒320—Unliquidated claim for compensation by officer of bankrupt corporation may be disallowed under statute, where proof does not justify direction that claim be liquidated (Bankruptcy Act, § 63b [11 USCA § 103]).**

On bankruptcy of corporation, president's claim for compensation for services as superintendent and manager may be disallowed, if unliquidated, under Bankruptcy Act, § 63b (11 USCA § 103), providing that unliquidated claims may be liquidated and thereafter proved and allowed, where proof before bankruptcy court did not justify direction that claim be liquidated.

In Bankruptcy. In the matter of the A. F. Brown Packing Corporation, bankrupt. Proceeding on petitions by creditors to review the action of the referee in allowing a claim for services filed by A. F. Brown. Claim disallowed.

Thomas H. Robinson, Stevenson A. Williams, and Michael H. Fahey, all of Bel Air, Md., for bankrupt.

W. H. Surratt and Paul R. Hassencamp, both of Baltimore, Md., for claimant.

COLEMAN, District Judge. The A. F. Brown Packing Corporation, of Havre de Grace, Md., was adjudged a voluntary bankrupt on March 30, 1926. This proceeding is to review the action of the referee in allowing a claim for services filed by A. F. Brown, the material part of the claim being as follows: "For services rendered said A. F. Brown Packing Corporation in superintending and managing its farm and canning plant located at Swann Creek, Harford county, Maryland, from the 15th day of March, 1923, to the 15th day of December, 1925, or 33 months, at $6,000 per year, $16,500."

There are other incidental items which are not in controversy, except an item covering the use of an automobile, aggregating several hundred dollars. Proof as to who was actually the owner of the car, or entitled to its use, being so insufficient, the court is not warranted in allowing the per diem compensation claimed for its use in connection with the company's business.

The referee, in his certificate to the court for review, found that "the evidence submitted does not deny that A. F. Brown performed the services charged for in his sworn account filed against the bankrupt; the objectant relying upon the by-law of said corporation, which says: 'No officer or director, manager or superintendent shall be entitled to any salary for the performance of the duties imposed on him or them, unless by a unanimous vote of the board of directors.' The board of directors never did appoint a manager or superintendent, and the canning operations were carried on for three years by A. Freeborn Brown, not in his capacity as president of the corporation, but in an individual capacity, and I think he should be paid for such services." Creditors have filed petitions for review of the referee's action, basing their opposition to the allowance of the claim on the ground that it was both exorbitant and that its payment was prohibited by the by-laws of the corporation. The court heard testimony and reviewed the case in full. While the objection on behalf of one of the creditors appears to have been filed too late under the seventeenth rule of court, passed pursuant to General Order 27, nevertheless, the petition for review on behalf of another creditor was filed within the time allowed, namely, within 15 days from the date of the referee's order, and since the hearing was consolidated, and both petitions were considered at one and the same time, the matter is not barred by limitations.

It appears that the bankrupt corporation was formed in 1923 to engage in packing and canning, with the claimant, A. F. Brown, as president, and Michael H. Fahey as treasurer. A summary of the circumstances surrounding the corporation's creation is important. It appears that Mr. Brown was the owner of a farm in Harford county on which was a canning plant. This farm and building being heavily incumbered, and Mr. Brown being unsuccessful in his efforts to dispose of the property for canning purposes, an arrangement was entered into between him and Mr. Fahey, whereby he conveyed the property to a corporation subject to the liens, and assigned to Mr. Fahey four-sevenths of the capital stock of the corporation; it being further understood that Mr. Fahey was to lend his aid and credit in financing the corporation, in consideration of which Mr. Brown agreed to place his services at the disposal of the enterprise, his knowledge of the canning business being considered as particularly desirable. The business was conducted on a rather large scale, the yearly output being in excess of 30,000 cans, and was successful for two years, but showed a deficit in 1925. On March 6, 1926, Mr. Brown was voted out of the office of president and as a member of the board of directors, and, the company being found to be insolvent, it was decided that a petition to

have it adjudicated a bankrupt should be filed. The adjudication followed on March 30, 1926.

[1-3] It is clear from the claim as filed that it is unliquidated—a quantum meruit claim. It is also settled that such compensation, if any, as the claimant may be entitled to from the corporation, is governed by Maryland law. By the decisions in Maryland, the following propositions are firmly established: First, that an officer or director of a corporation can recover for services rendered to it *within* the scope of his duties as such officer or director, *only if there is an express contract of employment;* and, second, that he may recover under an implied promise for services rendered by him *beyond* the scope of his official duties, *only if they were accepted by the corporation.* Baltimore & Jamaica Trading Co. v. Dinning, 141 Md. 319, 118 A. 801; Waters v. American Finance Co., 102 Md. 212, 62 A. 357; Santa Clara Mining Ass'n v. Meredith, 49 Md. 390, 33 Am. Rep. 264.

[4] We are here concerned only with the second proposition, because claimant's contention is that the services which he performed were beyond the scope of, and different from, such official duties as he or any other officer might have had. But such claim is not sustained by the evidence. Indeed, by the very language of the claim itself, the services performed, for which compensation is sought, would appear to be of a kind within the scope of some officer or officers of the corporation. Note the words used: "For services rendered said A. F. Brown Packing Corporation in *superintending and managing* its farm and canning plant." It is true that claimant's official position with the company was always that of president, and that, as a matter of fact, no superintendent or manager was ever elected, although the by-laws provided for such an officer.

The very fact that such a provision was made is important in considering the language of the by-law upon which the objecting creditors rely. This by-law, quoted in the referee's report, is that "no officer or director, manager or superintendent, shall be entitled to any salary for the performance of the duties imposed on him or them, unless by a unanimous vote of the board of directors."

No manager or superintendent ever having been named, of course, no salary was voted to such an officer. Nevertheless, claimant now seeks payment for services which, by his own proof of claim, and by his own testimony, were those of a *manager* and *superintendent.* He stated that he negotiated with the farmers for the acreage to be planted each season; supervised and employed the necessary labor for the growing and harvesting of crops thereon; attended to marketing of the finished product, the canned goods, and generally conducted the business, including the usual office routine. Some of the work which claimant did may properly fall within the duties of president, which were defined by the by-laws as follows:

"The president shall preside at all meetings of the directors; he, together with the treasurer, shall sign all certificates of stock, deeds, conveyances, transfers, leases, assignments, contracts to be made or executed by the company. He shall, with the treasurer, countersign all checks, drafts, notes, to be issued or made by the company. He, together with the treasurer, shall have charge of all the moneys and securities of the company. He shall perform such other duties as the board may designate."

[5] No other presidential duties were ever designated. The major portion of claimant's activities may properly fall within the duties of a manager or superintendent, and perhaps still another portion within the functions usually assigned to other officers of such a corporation. But the controlling fact in the present situation is that claimant has failed to sustain the burden of proof imposed upon him to show, to the satisfaction of the court, that any of the services which he did perform were of a nature which were not reasonably within the contemplation of the duties of *some officer* that the corporation had provided for. If they were not, what remained for any officer to do? This being true, and the corporation having voted that no officer or director, manager or superintendent, should be paid for his services as such, unless by unanimous vote of the board of directors, it would be just as much an evasion of this prohibition to let an officer assume the rôle, without formal appointment, of another official position, and thereby receive compensation for the services performed as such latter officer, as it would be to allow him compensation in his recognized capacity, without the requisite vote of the board. In short, the very purpose of such a by-law is, obviously, to prevent just such a situation from taking place.

[6] It, therefore, is not possible to say that there was any *acceptance* by the corporation of the services for which claimant is now seeking payment, even assuming what has not been proved, namely, that some part of

such services may have been beyond the scope of claimant's official duties as president of the corporation, and assuming further that claimant, as he states, gave his time and his efforts exclusively to the affairs of the company. If claimant was so inadvertent as not to require the company for which he was working to vote him compensation in the usual formal way, he must accept the consequences.

[7] While he claimed that he never heard of the by-law in question before the bankruptcy proceedings, there is absolutely no proof that fraud or irregularity—intimated by him—existed in connection with any of the minutes of the corporation. On the contrary, the minutes show that he was present and presided at the meeting at which the by-law in question was passed; and, although he never signed the minutes, they were written up in his own office, which he occupied jointly with the treasurer of the company, and were always accessible to him. Add to this the further fact that by Mr. Brown's own admissions he never presented his claim to the corporation before its bankruptcy, and in fact never told any of the officers individually that he thought he should be paid, except on one occasion, when he asked for, but was never paid, $1,000 on account, without, however, stating the full amount of indebtedness claimed to be due, and it becomes difficult for the court to believe that the claim is surrounded with that element of entire good faith, without which it is entitled to no favorable consideration.

Because of the view which the court takes of the claim, it becomes unnecessary, of course, to consider the other ground of objection made by the petitioning creditors, namely, that the amount is exorbitant.

[8] In conclusion, it seems to the court proper to point out that, apart from the merits of the case, the claim might well be disallowed under section 63b of the Bankruptcy Act (11 USCA § 103), because the amount is unliquidated. That section provides that "unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate."

At the present time there is pending in the circuit court for Harford county a suit brought by the claimant against the corporation for these same services, this proceeding being stayed by the bankruptcy proceeding. The proof before this court being lacking as to the merits of claimant's conten-

tion, no justification appears for directing that the claim be liquidated, as might otherwise be done. See Farish Co. v. South Side Trust Co. (C. C. A.) 281 F. 825; Id., 260 U. S. 730, 43 S. Ct. 92, 67 L. Ed. 485.

The claim is therefore not allowed, and an order will be signed to this effect.